THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIGUEL RICO, #M-34394, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cause No. 3:20-cv-00415-GCS |
| | ) | |
| DEBBIE KNAUER, | ) | |
| DANIEL Q. SULLIVAN, | ) | |
| LOUIS W. BROWDER, | ) | |
| SHANE A. SMITH, JAMES C. BRUCE, | ) | |
| DEREK S. SMITH, RANDY S. VALDEZ, | ) | |
| JOHN DOE #1 (Lt., Internal Affairs), | ) | |
| JOHN DOE #2 (C/O), | ) | |
| and JOHN DOE #3 (Shift Commander), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Miguel Rico is a state prisoner currently incarcerated at Pontiac Correctional Center ("Pontiac") in the Illinois Department of Corrections ("IDOC"). He filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was confined at Big Muddy River Correctional Center ("BMRCC"). (Doc. 1). His claims include violation of the Prison Rape Elimination Act ("PREA"), retaliation, and cruel and unusual punishment. He seeks monetary damages.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  *See* 28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff makes the following allegations in the First Amended Complaint:  On June 22, 2018, Plaintiff was using the toilet in his cell with the door closed, and he had covered the screen opening in the door.  (Doc. 1, p. 11).  C/O Shane Smith opened the cell door, made an insulting comment about Plaintiff's genitals, and left the cell door wide open to the dayroom area while Plaintiff was still sitting on the toilet, despite Plaintiff's request to shut the door.  Shane Smith issued Plaintiff a disciplinary report for covering the screen in his door.  (Doc. 1, p. 12, 26-28).

The next day, Plaintiff called the PREA hotline to make a sexual misconduct report on Shane Smith for the above actions.  (Doc. 1, p. 12, 35-36).  John Doe #1 (Internal Affairs Lieutenant) interviewed Plaintiff about the incident and indicated he would keep Plaintiff separate from Shane Smith.  (Doc. 1, p. 12).

During July and August 2018, Shane Smith retaliated against Plaintiff for making the PREA report by denying Plaintiff access to the dayroom, yard, and gym; making sexual comments about what he had done to Plaintiff's lunch trays;[2] causing Plaintiff to

---

[2]     Plaintiff's exhibits indicate that Smith told Plaintiff he had contaminated the lunch tray with semen. (Doc. 1, p. 45-46).

refuse the trays; kicking Plaintiff's cell door to wake him; and denying him lunch trays. (Doc. 1, p. 12-13).

On July 10, 2018, C/O Bruce joined in the retaliation by shaking down Plaintiff's cell, taking his electronics, and issuing him a disciplinary report for the electronics being contraband even though Plaintiff showed proof of contracts and receipts for them.  (Doc. 1, p. 13, 29-30).  Bruce further denied Plaintiff dayroom time.

During July and August 2018, Lt. Browder joined in the retaliation by sending Plaintiff to segregation on a false claim, refusing to give Plaintiff his lunch trays, and making sexual comments about what he had done to Plaintiff's lunch trays.  (Doc. 1, p. 13, 31, 45-46).[3]

On July 22, 2018, while Plaintiff was on suicide watch, John Doe #2 C/O participated in the retaliation by denying Plaintiff toilet paper, removing items from his lunch tray, and denying Plaintiff a lunch tray.  (Doc. 1, p. 13-14).

On July 27, 2018, Plaintiff was on suicide watch in the Receiving Unit supervised by Shane Smith, when an inmate worker slid a razor blade through the chuckhole into Plaintiff's cell and told him to kill himself.  Shane Smith "was nowhere to be seen" at the time.  Plaintiff later used the razor blade to cut his forearm and wrist.  (Doc. 1, p. 14). There were no restrictions to prevent other inmates from having access to the suicide watch cells in the Receiving Unit.  (Doc. 1, p. 14-15).

---

[3]     Browder claimed to have contaminated Plaintiff's trays with semen or saliva; Plaintiff rejected his lunch trays based on Shane Smith's and/or Browder's actions on approximately 10 occasions.  (Doc. 1, p. 45-46).

On July 29, 2018,[4] Internal Affairs Officer Derek S. Smith wrote Plaintiff a disciplinary report for having dangerous contraband (the razor blade) while on suicide watch.  Browder and Valdez found Plaintiff guilty and imposed punishment including segregation, commissary restriction, and a disciplinary transfer, without following the procedure required for seriously mentally ill ("SMI") inmates under the agreement in *Rasho v. Baldwin*, (C.D. Ill. Case No. 07-cv-1298).  (Doc. 1, p. 15, 51-53).  Warden Sullivan affirmed the disciplinary action and Administrative Review Board Member Knauer denied Plaintiff's grievance.  (Doc. 1, p. 15-16).

On August 27, 2018, Plaintiff was showering when Shane Smith walked by and made insulting racial comments about Plaintiff's genitals to other officers who were nearby.  (Doc. 1, p. 16).  During the time Shane Smith was engaging in retaliatory acts, John Doe #3 was the shift commander responsible for assigning officers within the prison. *Id.*

During July and August 2018, Plaintiff wrote many emergency grievances and requests to Knauer, Sullivan, and John Doe #1 (Internal Affairs Lt.), reporting the incidents of retaliation.  (Doc. 1, p. 16).  However, they did nothing to protect Plaintiff from further retaliation or sexual misconduct.  (Doc. 1, p. 18).

## DISCUSSION

 Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

---

[4]     The Complaint states that the disciplinary report was issued on July 19, 2018, but the attached copy of the report shows it was issued on July 29, 2018.  (Doc. 1, p. 15, 51-52).

Count 1:    First Amendment retaliation claims against Shane Smith, Bruce, Browder, and John Doe #2 C/O for taking adverse actions against Plaintiff after Plaintiff brought a PREA complaint against Smith, and against John Doe #3 Shift Commander for failing to stop the retaliation.

Count 2:    Eighth Amendment cruel and unusual punishment claims against Shane Smith and Browder for sexually harassing and taking retaliatory actions against Plaintiff, against Bruce for his retaliatory acts, and against John Doe #3 Shift Commander for allowing the retaliation.

Count 3:    Fourteenth Amendment due process claim against Shane Smith for sexually harassing and taking retaliatory actions against Plaintiff, and against John Doe #3 for allowing these acts to continue.

Count 4:    Prison Rape Elimination Act claims against Shane Smith and Browder for sexually harassing Plaintiff, and against Sullivan, Knauer, Browder, John Doe #1 and John Doe #3 for failing to stop the harassment.

Count 5:    Fourteenth Amendment due process claims against Browder for sending Plaintiff to segregation based on false claims, depriving him of lunch tray(s), and sexual harassment, and against Bruce for issuing Plaintiff a false/retaliatory disciplinary ticket.

Count 6:    Eighth Amendment claims and Fourteenth Amendment due process claims against Sullivan, Browder, Knauer, John Doe #1 and John Doe #3 for failing to protect Plaintiff from Shane Smith's ongoing sexual harassment and retaliation.

Count 7:    Eighth Amendment claims and Fourteenth Amendment due process claims against Sullivan, Browder, and Shane Smith, for failing to protect Plaintiff while he was on suicide watch from the inmate who placed a razor blade in his cell.

Count 8:    Eighth Amendment claim and Fourteenth Amendment due process claim against Derek Smith for issuing Plaintiff a disciplinary report for having the razor blade while on suicide watch, when another inmate placed the razor blade in Plaintiff's cell.

Count 9:    Fifth Amendment and Fourteenth Amendment due process claims against Knauer, Sullivan, Browder, and Valdez for finding Plaintiff guilty in the disciplinary proceeding for having the razor blade while on suicide watch and/or failing to overturn his disciplinary conviction.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[5]

## Count 1

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000), abrogated on other grounds by, *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). To prevail on a First Amendment retaliation claim, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). Lodging a complaint for a prison official's violation of the Prison Rape Elimination Act is activity protected under the First Amendment. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Further, the

---

[5]    *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

alleged actions by Shane Smith, Bruce, Browder, and John Doe #2 C/O over a two-month period, which included denying Plaintiff access to out-of-cell activities, contaminating his lunch trays, denial of food, and issuing false/wrongful disciplinary tickets, could deter a person of "ordinary firmness" from engaging in future protected activity.  *See Bridges*, 557 F.3d at 556.  Plaintiff has alleged each Defendant acted with a retaliatory motive.  Count 1 shall proceed against Shane Smith, Bruce, Browder, and John Doe #2 C/O.  However, Plaintiff must identify the John Doe #2 C/O by name before he can be notified of the action.

Count 1 shall be dismissed, however, against the John Doe #3 Shift Commander. Plaintiff alleges only that this individual was responsible for assigning other officers to work in the area(s) where Plaintiff was housed while the other Defendants allegedly retaliated against him.  (Doc. 1, p. 16).  The Complaint contains no factual allegations to indicate that the John Doe #3 Shift Commander was aware of the retaliation or that Plaintiff sought his assistance in halting it.  Section 1983 lability requires personal involvement in or responsibility for a constitutional deprivation; holding a supervisory role alone is not enough.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Plaintiff fails to state a claim that the John Doe #3 Shift Commander knew about the misconduct and allowed it to continue.

### Count 2

Plaintiff asserts Eighth Amendment claims based on the same conduct that is at issue in Count 1.  The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly

disproportionate to the severity of the crime. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)(citing *Coker v. Georgia*, 433 U.S. 584, 592 (1977)). Two elements are necessary to establish a violation. First, the objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety by denying a basic human need such as food, medical care, sanitation, or physical safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 346. The subjective element establishes a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *See Farmer*, 511 U.S. at 837, 842.

Verbal harassment standing alone, even of a sexual or racial nature, does not constitute cruel and unusual punishment. *See DeWalt*, 224 F.3d at 612. However, calculated, malicious harassment without penological justification may be actionable under the Eighth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 528-530 (1984). *See also Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015)(noting that sexual harassment accompanied by physical conduct, which caused psychological trauma and placed plaintiff in danger of assault, stated Eighth Amendment claim); *Chatman v. Ill. Dep't of Corr.*, No. 16-3646, 685 Fed. Appx. 487, 489 (7th Cir. May 12, 2017)(stating that "[p]rison authorities violate the Eighth Amendment when they treat inmates in a way that is motivated by a desire to harass or humiliate or intended to humiliate and cause psychological pain.") (internal quotations and citations omitted).

Shane Smith's conduct on June 22, 2018, of leaving Plaintiff's cell door open to a public area while he was on the toilet, exposing Plaintiff to the view of other inmates,

mocking Plaintiff while he showered on August 27, 2018, and his sexual comments indicating he contaminated Plaintiff's lunch trays, are sufficient at this juncture to warrant further review as Eighth Amendment violations.  The claim against Browder for similar harassment regarding the lunch trays also survives dismissal at this time.

However, the Complaint does not indicate that the denial of yard/dayroom/gym access, being awakened from sleep, or missing some lunch meals caused any excessive risk to Plaintiff's health.   Therefore, these aspects of Shane Smith's and Browder's behavior will not be considered as part of the Eighth Amendment claim.

Likewise, Bruce's adverse actions against Plaintiff - confiscating his electronics, issuing him a disciplinary report, and denying him dayroom access on one occasion, do not rise to the level of an Eighth Amendment violation.  Finally, as with Count 1 above, Plaintiff fails to state an Eighth Amendment claim against John Doe #3, who was not directly involved in the allegedly unconstitutional acts of Smith and Browder.

To summarize, Count 2 for cruel and unusual punishment, based on alleged sexual harassment, shall proceed against Shane Smith and Browder only.  The claims in Count 2 will be dismissed as to Bruce and the John Doe #3 Shift Commander.

### Count 3

Plaintiff asserts that Shane Smith's sexual harassment and retaliation also violated his Fourteenth Amendment due process rights, as did the John Doe #3 Shift Commander's failure to stop Smith's behavior.  (Doc. 1, p. 18-20).  However, he does not articulate how this conduct amounted to a due process violation.

In order to state a claim for a violation of Fourteenth Amendment procedural due

process rights, a plaintiff must first identify the deprivation of a constitutionally recognized liberty or property interest. *See Domka v. Portage County*, 523 F.3d 776, 779-780 (7th Cir. 2008). Plaintiff has not done so here. If he is suggesting that the deprivation of out-of-cell activities (yard, gym, dayroom) or other retaliatory actions amounted to deprivation of a liberty or property interest without due process, the prison grievance procedure provides the basic due process requirement of an opportunity to be heard on the alleged deprivation. *See, e.g.*, *Goss v. Lopez*, 419 U.S. 565, 579, (1975)(noting that at a minimum, due process requires "*some* kind of notice and . . . *some* kind of hearing") (emphasis in original). Plaintiff's due process claims are redundant to his retaliation and Eighth Amendment claims. *See, e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005)(noting that claims are to be analyzed under the most explicit sources of constitutional protections; duplicate claims "gain[] nothing by attracting additional constitutional labels"). Accordingly, Count 3 shall be dismissed as duplicative of Counts 1 and 2.

## Count 4

The Prison Rape Elimination Act does not support a private cause of action. *See*, e.g., *Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507, at *4 (S.D. Ill. Feb. 17, 2017) (collecting cases and dismissing PREA claim involving a strip search and forcing inmates to march with their genitals touching one another). Count 4 shall therefore be dismissed with prejudice.

## Count 5

Browder and Bruce each issued a disciplinary ticket against Plaintiff, which he

alleges was prompted at least in part by these Defendants' intention to retaliate against him.  The retaliation claims against Browder and Bruce for these actions will continue under Count 1.  However, Plaintiff cannot maintain a Fourteenth Amendment due process claim based on the disciplinary actions.

Plaintiff does not allege that he was deprived of any of the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556-572 (1974), in the disciplinary proceedings initiated by Browder and Bruce.  *Wolff* requires advance written notice of the charges, a right to call witnesses and present documentary evidence in defending against the charge, a hearing before an impartial tribunal, and a written statement of reasons for the discipline imposed.  There is no indication that Plaintiff was denied any of these rights.  Further, his punishment did not implicate any protected liberty interest.

For Bruce's ticket (possession of altered fan), Plaintiff was punished with one month of commissary restriction.  (Doc. 1, p 30).  An inmate does not have a liberty interest in access to the commissary.  *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).  The disciplinary action initiated by Browder was expunged for a time frame violation; thus no punishment was imposed.  (Doc. 1, p. 31).  The Complaint indicates that Plaintiff was sent to segregation when Browder's ticket was issued but does not state how long he may have been held there.   These facts indicate that Plaintiff was likely placed in administrative/investigative segregation, which does not implicate a liberty interest. "[I]nmates have no liberty interest in avoiding transfer[s] to discretionary segregation— that is, segregation imposed for administrative, protective, or investigative purposes." *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th

Cir. 2008).

For these reasons, Count 5 against Browder and Bruce shall be dismissed with prejudice.


## Count 6

This claim focuses on the alleged failure of several Defendants to protect Plaintiff from Shane Smith's ongoing sexual harassment and retaliatory acts.  As noted above, Plaintiff's Eighth Amendment claim against Shane Smith (Count 2) survives threshold review, but the Fourteenth Amendment claim against him (Count 3) does not.  Because the underlying Fourteenth Amendment claim (Count 3) based on Shane Smith's conduct will be dismissed, the Court will likewise dismiss the Fourteenth Amendment claim in Count 6 against Sullivan, Browder, Knauer, John Doe #1, and John Doe #3.

That leaves the Eighth Amendment claims.  The Seventh Circuit recognizes "failure to intervene" as a basis for a constitutional violation under the Eighth Amendment.  *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).  To state such a claim, a plaintiff must sufficiently allege a defendant (1) knew that a constitutional violation was committed; and (2) had a realistic opportunity to prevent it.  *See Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

According to the Complaint, Plaintiff told the John Doe #1 Internal Affairs Officer about the first incident with Shane Smith which had prompted Plaintiff's PREA call.  Doe #1 asked Plaintiff where in the prison he would feel safe, and indicated that Shane Smith would not be allowed near Plaintiff.  (Doc. 1, p. 12).  Plaintiff further claims that he wrote

to John Doe #1 during July and August 2018 to report the retaliation.  (Doc. 1, p. 16, 55-56).  However, Shane Smith continued to have access to Plaintiff.  At this stage, these allegations suffice to state an Eighth Amendment claim against John Doe #1 for failure to intervene to stop Smith's retaliation.

Browder himself allegedly retaliated against Plaintiff after Plaintiff complained about Shane Smith.  (Doc. 1, p. 13).  As Browder was a Lieutenant in the Receiving Unit where Shane Smith was an officer, and knew about Smith's retaliatory actions, Plaintiff may also proceed with his Eighth Amendment claim that Browder failed to intervene to stop Smith's unconstitutional acts.

Plaintiff states that he filed emergency grievances and "request notes" to Knauer and Sullivan to report the incidents of retaliation, yet they took no action.  (Doc. 1, p. 16, 55-56).  Thus, the Eighth Amendment claim in Count 6 may also proceed against Sullivan and Knauer.

However, Plaintiff makes no factual allegations to indicate that John Doe #3 was aware of Shane Smith's unconstitutional actions and failed to take action to stop them.  Count 6 shall therefore be dismissed against him.

To summarize, Count 6 shall proceed on the Eighth Amendment claims only against Sullivan, Knauer, Browder, and the John Doe #1 Internal Affairs Officer.  The Fourteenth Amendment claims and all claims in Count 6 against John Doe #3 are dismissed.

### Count 7

Plaintiff claims that officials failed to protect him while he was on suicide watch,

and as a result, he was given a razor blade which he used to attempt suicide.  Being suicidal is an objectively serious medical/mental health condition.  *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).  "Deliberate indifference to a risk of suicide is present when an official is subjectively 'aware of the significant likelihood that an inmate may imminently seek to take his own life' yet 'fail[s] to take reasonable steps to prevent the inmate from performing the act.'"  *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775-776 (7th Cir. 2014)(quoting *Collins*, 462 F.3d at 761), abrogation on other grounds recognized by, *Pulera v. Sarzant*, 966 F.3d 540 (7th Cir. 2020).  Plaintiff's placement in a suicide watch cell shows that the officials charged with watching him were aware of the objective risk to him.  The unfettered access to his cell by other inmates, including the prisoner who passed him the razor blade, indicates that Shane Smith, who was supervising the unit, failed to take steps to mitigate the risk to Plaintiff.  Likewise, it is reasonable to conclude that Warden Sullivan created, approved, or condoned the policy that allowed such access to the suicide watch cell.  The Eighth Amendment deliberate indifference claim in Count 7 may thus proceed against Shane Smith and Sullivan.

However, Plaintiff fails to set forth any facts suggesting that Browder was on duty during Plaintiff's suicide watch when he obtained the razor blade, or was otherwise deliberately indifferent to his risk of suicide.  Browder shall therefore be dismissed from this claim.

Additionally, the Fourteenth Amendment portion of Count 7 is dismissed as duplicative.  Count 7 shall proceed only on the Eighth Amendment claims against Shane Smith and Sullivan.

**Count 8**

Derek Smith's disciplinary report against Plaintiff for possessing the razor blade while on suicide watch, like the claims in Count 5, reflects no constitutional violation. (Doc. 1, p. 52-53).  Plaintiff was found guilty based on his admission that he hid part of the razor blade in the cell and that it was found in the location Plaintiff described.  There is no allegation that Plaintiff was denied any of the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539, 556-572 (1974).  The finding of guilt was supported by "some evidence."  *See Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  His punishment included 3 months in segregation as well as a disciplinary transfer, commissary restriction, and C-grade demotion.  (Doc. 1, p. 52).  The transfer and revocation of privileges do not implicate a protected property or liberty interest.  *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

A 3-month placement in disciplinary segregation is too brief a period to require an inquiry into whether the conditions of that confinement amounted to an "atypical or significant hardship" in relation to the conditions that Plaintiff would have faced if he had been held in administrative segregation.  *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-698 (7th Cir. 2009); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997).  And, Plaintiff does not allege that the conditions of his disciplinary segregation were unusually harsh.  He therefore fails to state a Fourteenth Amendment due process claim upon which relief may be granted.

Further, the allegations regarding the issuance of his disciplinary report do not suggest any Eighth Amendment violation.  Count 8 shall be dismissed in its entirety, and

Derek Smith shall be dismissed from the action.

### Count 9

The claims in Count 9 against Knauer, Sullivan, Browder, and Valdez arise from Plaintiff's dissatisfaction with the outcome of the disciplinary proceeding over his possession of the razor blade.  It also includes the failure of the Defendants who reviewed his grievance to overturn the disciplinary conviction and/or punishment imposed.  As discussed above in Count 8, the disciplinary ruling had sufficient evidentiary support, and Plaintiff pointed to no procedural flaws in the disciplinary hearing process.  As such, there was no constitutional violation on the part of Browder and Valdez, who reached the guilty finding.  Likewise, Knauer and Sullivan's approval of the discipline and/or adverse ruling on Plaintiff's grievance challenging the disciplinary action does not violate the Constitution.

The Court's analysis is also not altered by the Plaintiff's allegation that the Defendants failed to follow procedures required for seriously mentally ill ("SMI") inmates in a court order entered in *Rasho v. Baldwin*, (C.D. Ill. Case No. 07-cv-1298).  That case involved injunctive relief only (not damages), and the court approved an Amended Settlement Agreement and a Permanent Injunction to remedy deficiencies in mental health treatment of prisoners in IDOC facilities.  (*See* Doc. 711-1, 2633, 3051 in No. 07-1298, C.D. Ill.).  An appeal of the court's orders is pending before the Seventh Circuit.  An alleged violation of the *Rasho* settlement agreement or orders does not state a constitutional claim upon which relief may be granted.

For these reasons, Count 9 shall be dismissed with prejudice.

### JOHN DOE DEFENDANTS

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the remaining unknown "John Does" #1 and #2, in accordance with the discovery order that will be entered by the Court. Once the names of the unknown Defendants are discovered, Plaintiff must file a motion to substitute the newly identified Defendants in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that portions of the Complaint (Doc. 1) survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed as follows: **COUNT 1** will receive further review against Defendants Shane Smith, Bruce, Browder, and John Doe #2 C/O; **COUNT 2** proceeds against Shane Smith and Browder; **COUNT 6** shall proceed on the Eighth Amendment claims only against Sullivan, Knauer, Browder, and John Doe #1 Internal Affairs Officer; and **COUNT 7** shall proceed on the Eighth Amendment claims only against Shane Smith and Sullivan. The Fourteenth Amendment portions of **COUNTS 6** and **7** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 3** and **8** are **DISMISSED** from the action without prejudice. **COUNTS 4, 5,** and **9** are **DISMISSED** from the action **with prejudice**.

**IT IS FURTHER ORDERED** that Defendants Derek S. Smith and John Doe #3 Shift Commander are **DISMISSED** from this action without prejudice. Defendant Randy S. Valdez is **DISMISSED** from this action **with prejudice**.

The Clerk of Court shall prepare for Defendants **KNAUER, SULLIVAN, BROWDER, SHANE A. SMITH,** and **BRUCE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full

amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED:  December 28, 2020.

Digitally signed by Judge Sison 2
Date: 2020.12.28 08:58:17 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.