THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL RICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00415-SMY |
| | ) |
| DEBBIE KNAUER, et al., | ) |
| | ) |
| Defendants. | ) |

# SECOND AMENDED SCHEDULING AND DISCOVERY ORDER

**SISON, Magistrate Judge:**

The Joint Motion to Amend Scheduling Order (Doc. 53) is **GRANTED** and the Scheduling and Discovery Order is **AMENDED** as follows:

**I.**     **Initial Disclosures and Pretrial Filings**

    **A.** Plaintiff shall have until **August 5, 2021,** to produce to Defendants the following information related to Plaintiff's allegations:

       1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

       2. A statement of the injuries Plaintiff has suffered and the relief he seeks; and

       3. A signed release for medical records (in cases where Plaintiff's medical condition or care is at issue).

    **Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court.**

    **B.** Defendants shall have until **August 23, 2021,** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

       1. Incident reports;

2. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

3. Disciplinary tickets, along with any documents related to the resolution of the tickets;

4. Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time;

5. Reports and/or statements of persons with knowledge of the incidents;

6. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff; and

7. Copies of relevant medical records (in cases where Plaintiff's medical condition or care is at issue, and provided Plaintiff has executed the required release form as directed above).

**Defendants may object to the production of the above for specific security or other concerns.**

## II. Unknown/John Doe Defendants

Plaintiff shall have until **August 5, 2021,** to produce to Defendants any information he possesses which will help identify the John Doe(s), including but not limited to: physical description(s), specific job assignment(s), partial name(s)/nickname(s), and locations and dates where Plaintiff interacted with the John Doe(s).

Defendants shall have until **August 23, 2021,** to produce to Plaintiff the identity of the John Doe(s) or, if Defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Doe(s); Defendants are not required to produce photographs of employees or inmates.

Plaintiff shall have until **September 7, 2021,** to file a motion to substitute specific Defendant(s) for the John Doe(s) or, if the John Doe(s) remain unidentified, to file a

motion specifying additional steps that can be taken to identify the John Doe(s). **Failure to file a motion to substitute by this date will result in the dismissal of the John Doe(s) without prejudice.**

### III. Amendments to the Complaint

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. If Plaintiff later seeks to file an amended complaint pursuant to Rule 15(a)(2), he must send both the proposed amended complaint and a motion asking for leave (permission) to file the amended complaint. Defendants will have an opportunity to object to Plaintiff's motion for leave to file an amended complaint. The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

If Plaintiff should file a motion asking for leave to amend the complaint, the following rules shall apply:

**A.** Plaintiff shall have until **October 4, 2021,** to file a motion for leave to amend the complaint to include any additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown.**

**B.** Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend. The Court does not accept piecemeal amendments. Therefore, the proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

**C.** Plaintiff's motion should explain how the proposed amended complaint differs

from the complaint on file. The proposed amended complaint must also comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Failure to comply with this requirement will result in rejection of the proposed amended complaint.

## IV. Exhaustion of Administrative Remedies

Under Federal law, a prisoner must exhaust available administrative remedies *before* filing a lawsuit that challenges prison conditions. *See* 42 U.S.C. § 1997e(a). Here, there appears to be an issue about whether Plaintiff has met his statutory exhaustion requirement.

   A. Defendants shall have until **September 7, 2021,** to file a motion for summary judgment on the issue of exhaustion of administrative remedies. Along with the motion, Defendants shall serve upon Plaintiff copies of all relevant grievances; all responses to those grievances, including grievance counselor responses and determinations by the Administrative Review Board; any relevant grievance counselor logs; and/or any other relevant documents in their possession concerning exhaustion of the pending claims in this case. **If Defendants decide prior to the deadline that they will not pursue an affirmative defense on this issue, they shall promptly file a motion to withdraw the affirmative defense.**

   B. In responding to the motion, Plaintiff shall serve upon Defendants copies of all documents in his possession relevant to the issue of exhaustion. Plaintiff also should include a description of any additional steps he took to exhaust

administrative remedies not reflected in the materials produced to the Court. This description should include the dates additional steps were taken, the name of any individual involved in the process, and whether any response was provided. **Plaintiff is WARNED that the failure to respond to the motion for summary judgment may result in an Order granting the motion.**

C. The parties are **REMINDED** that under SDIL Local rule 7.1 and this Court's Case Management Procedures, **reply briefs are not favored and should be filed only in exception circumstances**. In that regard, any party wishing to file a reply brief shall, within three (3) days of service of the response, file a motion for leave. The motion for leave shall set forth the exceptional circumstances justifying a reply. If filed, reply briefs may be no longer than 5 pages and must be filed within fourteen (14) days of obtaining leave for replies governed by Local Rule 7.1(c) and within seven (7) days of obtaining leave for replies governed by Local Rule 7.1(g). Any reply briefs filed in violation of these requirements shall be stricken and will not be considered by the Court.

D. The Court will await the filing of a motion for summary judgment on exhaustion before determining whether a hearing is necessary on the exhaustion issue.

V. **Late Appearing Parties**

For any party entering an appearance after the date of this Order (for example, a Defendant initially named as a John Doe but later identified):

A. Plaintiff shall make the initial disclosures required by Section II(A) of this Order within 30 days from the new party's appearance;

B. The new party shall make the initial disclosures required by Section II(B) of this Order within 45 days from its appearance in this case;

   C. The new party shall have 60 days from the date of its Answer to file a motion for summary judgment for failure to exhaust administrative remedies.

VI. **Discovery**

Aside from the initial disclosures required by this Order, discovery on the merits of Plaintiff's claims is **STAYED** until the Court resolves the question of whether he has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act.

This stay applies to every Defendant regardless of whether that Defendant has moved for summary judgment on the issue of exhaustion. To be clear, **absolutely no discovery on the merits** of any of Plaintiff's claims will take place until after the Court determines whether Plaintiff has exhausted his administrative remedies. Any motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted.

Once the Court resolves the issue of exhaustion of administrative remedies, or if Defendants decide not to file a motion for summary judgment on the issue of exhaustion, the stay on discovery will be lifted. A second scheduling order will then be entered setting deadlines for discovery, dispositive motions, and trial.

VII. **Other Matters**

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and

not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: July 1, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.07.01 11:47:17 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**