THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MIGUEL RICO, #M34394** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-cv-00415-GCS |
| | ) | |
| **DEBBIE KNAUER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

**SISON, Magistrate Judge:**

This matter comes before the Court on the Motion to Withdraw as Attorney of Record filed by Plaintiff's counsel. (Doc. 50). The Court conducted a hearing on the motion on July 1, 2021. For good cause shown, the motion to withdraw as counsel will be granted and Attorney Levinson will be relieved of his assignment. As such, the Court must consider whether to appoint new counsel for Plaintiff.

Civil litigants do not have a constitutional or statutory right to counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655. Only the second consideration is at issue here. In making this determination, the Court considers a number of factors including, but not

limited to, the stage of the litigation, whether the case involves complex issues or evidence, and the plaintiff's communication skills.

The Court recruited counsel to assist Plaintiff based on his allegation that he has difficulties in reading and writing in English and required the assistance of a bilingual inmate to assist him in drafting his Complaint. The Court notes that during the motion hearing, Plaintiff was able to speak and understand English and demonstrated the ability to articulate clearly and effectively on his own behalf. At this time, discovery on the merits is stayed until the issue of exhaustion of administrative remedies has been resolved. The Court finds Plaintiff is capable of explaining his efforts to exhaust his administrative remedies without the assistance of counsel. Even if Plaintiff has some difficulty in preparing a written response to a summary judgment motion on exhaustion, the Court has the option of conducting a *Pavey* hearing to allow Plaintiff to testify on the issue. After consideration of the *Pruitt* factors, the Court concludes that, at this juncture, Plaintiff is capable of proceeding *pro se*. If Plaintiff encounters difficulties as this case proceeds, he may file another motion for recruitment of counsel.

Accordingly, the Motion to Withdraw as Attorney of Record (Doc. 50) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Kenneth H. Levinson as counsel of record for Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 1, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.07.01 13:53:43 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**