IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL RICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-415-RJD |
| ) | |
| LOUIS BROWDER and SHANE SMITH, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983.  Doc. 12.  He contends that his Constitutional rights were violated at Big Muddy River Correctional Center from July-August 2018 after he filed a complaint against Defendant Shane Smith for violating the Prison Rape Elimination Act ("PREA").  *Id*.  Plaintiff alleges that on June 22, 20218, he was using the toilet in his cell with the door closed and the screen opening in the door was covered.  Doc. 1, p. 11.  Defendant Smith, a correctional officer, opened the cell door and commented on Plaintiff's genitals.  Id., pp. 11-12.  Defendant Smith left the cell door open to the dayroom area despite Plaintiff's request to shut it.  Id.  Later that evening, Defendant Smith issued Plaintiff a disciplinary report for covering the screen in his door.  Id., p. 26-28.  The next day, Plaintiff called the PREA hotline and filed a sexual misconduct claim against Defendant Smith regarding the incident.  Id., p. 12, 35-36.

Plaintiff alleges that over the next two months, Defendants Smith and Browder retaliated against Plaintiff by either denying him food trays or, on certain occasions when he received food

trays, telling him that they had placed semen in his food. *Id.*, pp. 12-13, 45-46. Defendant Browder allegedly sent Plaintiff to segregation on a false claim. *Id.* Defendant Smith also allegedly denied Plaintiff access to the dayroom, yard, and gym. *Id.* Following the Court's ruling on Defendants' summary judgment motions, Plaintiff proceeds on the following claims:

> Count One:   First Amendment retaliation claim against Defendants Smith and Browder for taking adverse actions against Defendants Browder and Smith.
>
> Count Two:   Eighth Amendment cruel and unusual punishment claim against Defendants Smith and Browder for sexually harassing and retaliating against Plaintiff.

Doc. 153. After the parties filed a Motion for Bench Trial, Magistrate Judge Gilbert C. Sison recused himself and the undersigned was assigned to the case. Docs. 180 and 181.

The undersigned will conduct a bench trial on January 26, 2026. The parties filed motions in limine and there are no objections to most of those motions. Docs. 203 and 204. From Plaintiff's motions in limine (Doc. 203), the parties agree that they will not present the following evidence to the undersigned:

1. Plaintiff's criminal convictions, although the undersigned is aware that Plaintiff was incarcerated for a felony at all relevant times;
2. Defendants' opinions or lay accounts regarding the cause of Plaintiff's non-economic damages;
3. inadmissible hearsay in Plaintiff's medical/mental health records; and
4. misconduct by or reprimands/complaints issued against Plaintiff.

In their first motion in limine, Defendants moved to exclude any evidence that they violated any IDOC policy(ies). Evidence that Defendants violated a departmental rule does not mean that Defendants violated Plaintiff's constitutional rights. *Thompson v. City of Chicago*, 472 F.3d 444,

454 (7th Cir. 2006).  At the final pretrial conference, Plaintiff's counsel explained that Plaintiff should be able to present evidence that Defendant Smith was not obligated by an IDOC policy to leave the door to Plaintiff's toilet open after Defendant Smith removed the screen covering.  The Court agrees that such evidence is relevant to explain the events that occurred between Plaintiff and Defendant Smith on June 22, 2018 but also recognizes that whether Defendant Smith was required to close the door to the toilet on that date does not answer whether Defendants violated Plaintiff's First and Eighth Amendment rights.   Defendants' Motion in Limine No. 1 is DENIED.

The parties agree that the undersigned will not hear the following evidence, numbered two-six from Defendants' Motions in Limine (Doc. 204):

2. Plaintiff's grievances (other than for impeachment purposes);

3. expert causation opinions regarding any medical or mental health conditions;

4. other lawsuits involving Defendants;

5. improper character evidence regarding other misconduct by Defendants, or unrelated grievances/reprimands issued against Defendants; and

6. any "golden rule" appeal.

**IT IS SO ORDERED.**

**DATED: January 21, 2026**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**